1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10    RON L. NORTHRUP,

11              Plaintiff,                    No. CIV S-08-1271 GGH P

12         vs.

13    CAL. DEPT. OF CORR. &
      REHAB. / SOLANO
14    PRISON STAFF,                           ORDER &

15              Defendants.                   FINDINGS AND RECOMMENDATIONS

16    _____/

17              Currently pending before the court is the putative plaintiff's "Motion for

18    Temporary Injunction/Restraining Order," filed on June 6, 2008.  Plaintiff has no underlying

19    complaint.  Instead, plaintiff has filed a somewhat histrionic and virtually unactionable request

20    for the court to direct no individual in particular to stop vaguely characterized illegal practices.

21    TRO

22              The purpose in issuing a temporary restraining order is to preserve the status quo

23    pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a

24    temporary restraining order due to the fact that very few such orders can be appealed prior to the

25    hearing on a preliminary injunction.  It is apparent, however, that requests for temporary

26    restraining orders which are not ex parte and without notice are governed by the same general

1

1    standards that govern the issuance of a preliminary injunction.[1]  See New Motor Vehicle Bd. v.

2    Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.

3    Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);

4    Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the

5    emphasis of the court is directed to irreparable harm and the balance of hardships because the

6    merits of a controversy are often difficult to ascertain and adjudicate on short notice.

7    Preliminary Injunction Standard

8            The legal principles applicable to a request for injunctive relief are well established.

9    To prevail, the moving party must show either a likelihood of success on the merits and the

10   possibility of irreparable injury, or that serious questions are raised and the balance of hardships

11   tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692,

12   700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th

13   Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point

14   being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any

15   formulation of the test, plaintiff must demonstrate that there exists a significant threat of

16   irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the

17   court need not reach the issue of likelihood of success on the merits.  Id.

18           In cases brought by prisoners involving conditions of confinement, any

19   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

20   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

21   correct the harm."  18 U.S.C. § 3626(a)(2).

22

23           [1] To the extent that this purports to be an ex parte motion for a TRO without notice, the
     undersigned notes that there are stringent requirements to be imposed under Fed. R. Civ. P. 65
     for issuance of such an order, which plaintiff clearly has not met.  Reno Air Racing Ass'n., Inc.
24   v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  Rule 65(b) permits issuance of a TRO without
     "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified
25   complaint clearly show that immediate and irreparable injury...will result to the movant before
     the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing
26   any efforts made to give notice and the reasons why it should not be required."

1    As to determining whether plaintiff is subject to irreparable harm, plaintiff's

2 allegations simply lack coherence or anything like adequate support.  Plaintiff asks that unnamed

3 defendants be temporarily be restrained from taking his life or forcing him to take his own life.

4 Plaintiff claims that he is a mentally disabled and nearly blind inmate who is trying to do legal

5 work or assist other prisoners with legal work and that a Jane Doe staff law librarian "takes

6 active roles in decieving [sic] prisoners with incorrect forms in child-custody cases causing

7 fathers to lose their court case- hearing- appearances; and thus their custody rights...."  Motion,

8 pp. 1-2, 4.  Unnamed "notary publics are forcing indigent prisoners to go without being able to

9 notorize [sic] their documents for court by charging a mandatory ten dollars upfront for

10 services..."  Id. at 2.  Notary publics are otherwise providing deficient services, by providing

11 faulty seals and signatures on prisoner documents.  Id.  Unnamed persons in the prison mailroom

12 do not permit plaintiff or other prisoners the "return receipt" services to courts.  Id.  Plaintiff has

13 suffered mental breakdowns due the unnamed defendants' obstructive behavior; unidentified

14 defendants are retaliating against himself and other prisoners due to lawsuits implicating prison

15 medical conditions and overcrowding and are trying to kill plaintiff or transfer him to a harsher

16 prison setting.  Id. at 3. Plaintiff claims that he is subject to random "shakedowns, property

17 confiscations...strip searches... administrative segregations [sic]...being forced to go without

18 meals...."  Id. at 4.

19    Plaintiff makes a series of wholly unsupported and hysterical claims, unbolstered

20 even by any underlying complaint.  He provides no specific incidents in an affidavit or any

21 supporting exhibits, nor does he provide any individual names for would-be defendants which

22 might permit the court to fashion any form of injunctive relief had he identified any meritorious

23 basis on which to do so.  Speculative injury does not constitute irreparable harm.  See Caribbean

24 Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v.

25 Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual threat must be

26 shown, although the injury need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine

1  Research, Inc., 395 U.S. 100, 130-31, 89 S. Ct. 1562 (1969); FDIC v. Garner, 125 F.3d 1272,

2  1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co., 844

3  F.2d at 674.  Moreover, the merits are virtually impossible to assess as plaintiff, as noted, has not

4  filed any complaint. The court must recommend denial of plaintiff's wholly unsupported request.

5          In order to commence an action, plaintiff must file a complaint as required by

6  Rule 3 of the Federal Rules of Civil Procedure, and plaintiff must either pay the required filing

7  fee or file an application requesting leave to proceed in forma pauperis.[2]  See 28 U.S.C.

8  §§ 1914(a), 1915(a).  Plaintiff will be provided the opportunity to file his complaint, and to

9  submit an application requesting leave to proceed in forma pauperis or to submit the appropriate

10  filing fee.

11          Accordingly, IT IS ORDERED that:

12          1) The Clerk of the Court is directed to make a district judge assignment in this

13  case and to send plaintiff the court's form for filing a civil rights action, and the application to

14  proceed in forma pauperis by a prisoner; and

15          2)  Plaintiff is granted thirty days from the date of service of this order to file a

16  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

17  Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned

18  this case; plaintiff must file an original and two copies of the complaint.  Plaintiff shall also

19  submit, within thirty days from the date of this order, the application to proceed in forma

20  pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00.

21  Plaintiff's failure to comply with this order will result in a recommendation that this matter be

22  dismissed.

23          IT IS HEREBY RECOMMENDED that plaintiff's June 6, 2006, motion for a

24  TRO be denied.

25
_____

26  [2] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1    These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3   days after being served with these findings and recommendations, plaintiff may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

6   failure to file objections within the specified time may waive the right to appeal the District

7   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8   DATED: 06/24/08

                                           /s/ Gregory G. Hollows
9
                                           _____
10                                          GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE
11   GGH:009
     nort1271.req
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26